# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRIAN & CONNIE GEARY on behalf of themselves and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| GREEN TREE SERVICING, LLC, | ) ) ) |
| Defendant. | ) ) ) |

CASE NO. 14-00522-ALM/EPD

## DEFENDANT GREEN TREE SERVICING LLC'S MOTION FOR SUMMARY JUDGMENT AND TO DECERTIFY CLASS

Defendant Green Tree Servicing LLC n/k/a Ditech Financial LLC ("Green Tree"), by its undersigned counsel and pursuant to Rules 56 and 23 of the Federal Rules of Civil Procedure, hereby moves for summary judgment and to decertify the class. In support thereof, Green Tree states:

**I.      INTRODUCTION**

In their Complaint, Plaintiffs allege distinct violations under 15 U.S.C. §1692e and 15 U.S.C. §1692g of the Fair Debt Collection Practices Act ("FDCPA"). The Court certified a class only with respect to Plaintiffs' section 1692g claim. Discovery has revealed that Plaintiffs' claims, however, are fatally flawed. Specifically, the FDCPA does not apply since Plaintiffs clearly allege that their loan was not in default at the time of the transfer of servicing rights to Green Tree, and discovery has revealed that their loan was not in default and Green Tree did not treat it as in default at the time of the transfer of servicing rights. Therefore, as a matter of law, Green Tree cannot be considered a debt collector and Plaintiffs' claims necessarily fail.

Accordingly, summary judgment should be entered in favor of Green Tree on all of Plaintiffs' claims and the class should be decertified.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Plaintiffs' Claims

On June 3, 2014, Plaintiffs filed this action seeking to recover actual and statutory damages for Green Tree's alleged violations of sections 1692e and 1692g of the FDCPA. [ECF No. 1]. While the Complaint pled four causes of action, Plaintiffs only sought to certify classes with respect to Counts II (Class Counts I and III) and IV (Class Counts II and IV). [ECF No. 1 at 12-22]. The Court ultimately dismissed Count IV.

In Count II, Plaintiffs claim that Green Tree violated section 1692g(a) of the FDCPA by failing "to send a written notice containing the 30-day Debt Validation language within five days" after sending the notice of servicing transfer. [ECF No. 1 at ¶79]. Plaintiffs' Complaint sought to certify a nationwide class consisting of "[e]very consumer who was sent an initial communication from Green Tree conveying information about a consumer debt sold and/or transferred to Green Tree when in default and/or treated in default." [ECF No. 1 at ¶109].

### B.     Relevant Material Facts

Plaintiffs are Ohio residents who, on March 18, 2008, obtained a loan from non-party CitiFinancial, Inc. ("CitiFinancial") in the principal amount of $13,504.84 (the "Loan") to finance the purchase of an automobile. [ECF No. 1 at ¶¶3, 109; ECF No. 45-1 at ¶5]. On August 18, 2011, Plaintiffs filed for bankruptcy and thereafter entered into a Reaffirmation Agreement (the "Agreement") which reaffirmed the Loan and established a new repayment schedule. [ECF No. 1 at ¶¶14-15]. Plaintiffs allege that they fully paid the Loan under the terms of the Agreement while it was still serviced by CitiFinancial. [*Id.* at ¶¶19-20]. The Agreement provided for monthly payments in the amount of $140.15. Agreement at ¶ 4, Exhibit 1.

Effective November 1, 2013, CitiFinancial transferred servicing of the Loan to Green Tree. [ECF No. 45-1 at ¶¶5,6 & Exhibit 1 thereto]. By letter dated October 16, 2013, Green Tree, together with CitiFinancial, first apprised Plaintiffs of the impending servicing transfer. *See* Exhibit 2. The October 16, 2013 letter included a payment coupon stating a total due of $140.32:

```
relationships that work              INITIAL PAYMENT COUPON
green tree                    -Please make checks payable to Green Tree-
                                   ACCOUNT NUMBER 820704971
      This payment coupon is furnished to the borrower and co-borrower as a convenience. Only one coupon should be used.

                                        TOTAL DUE          $140.32
                                        TOTAL ENCLOSED $ [  ].[    ].[  ]
                                                   Enter total amount of payment enclosed

Connie M Geary
Brian Geary                          GREEN TREE SERVICING LLC
2511 Acorn CT                        PO BOX 7169
Lancaster OH 43130-8080              PASADENA, CA 91109-7169
```

The second page of the letter further provided that the payment was due on November 15, 2013:

```
Your loan file will be transferred from CitiFinancial with the following information:

    Monthly Payment Information*
    Monthly Payment Amount:           $140.32
    Payment Due:                      11/15/2013

    Current Loan Information
    Current Interest Rate:            .00000%
    Principal Balance:                $904.13
    Escrow Balance:                   $.00
```

The October 16, 2013 letter did <u>not</u> state that the Loan was in default or was being treated as in default. Nor did the October 16, 2013 letter provide there was any past due payment or any payment due other than the November 15, 2013 payment.

As of November 1, 2013, the Loan was not in default nor was Green Tree treating it as in default as the $140.32 payment referenced in the October 16, 2013 letter was not due until

3

November 15, 2013.  *See* Exhibit 2.  As explained by Stewart Derrick, Green Tree's Rule 30(b)(6) designee:

> A. There was a balance that was owed.  <u>There wasn't a payment that was owed</u>.  It was a debt that was still owed.  The information that we received from Citi shows that the last payment they received was applied to the October 15th installment.  <u>Therefore, when we acquired it on November 1st, the loan was due November 15th.  So at the time we acquired it the loan was current</u>.
>
> Q. Assuming there was any debt owed at all.  <u>But what you're telling me is insofar as Green Tree or Ditech was concerned, it was considered a current loan</u>?
>
> A. <u>It was</u>.

Ditech 30(b)(6) Dep. at 106:1-13, (emphasis added).

Green Tree did not send Plaintiffs any other correspondence and did not contact Plaintiffs again until November 14, 2013.  *See* Exhibit 3.  By letter dated November 14, 2013, Green Tree again notified Plaintiffs of the servicing transfer.  *See id*.  The November 14, 2013 letter did <u>not</u> state the Loan was in default or being treated as in default.  *See id.*  Nor did it state there was any past due payment at that time.  *See id.*

There is no dispute that Green Tree's November 14, 2013 letter contained the debt validation notice.  The November 14, 2013 letter contained the debt validation notice not because the Loan was delinquent or in default but because every borrower in Ohio receives that notice:

> Typically a debt validation letter wouldn't go out on an account that's not delinquent.  Normally our policy is you send the DV letter on any account that's 43 or more days past due.  For some reason in the state in Ohio every account that's acquired gets a debt validation letter, and I – I'm sure that's a compliance issue that somebody made a decision that in the state of Ohio we want to err on the conservative side and send out a DV letter.

Ditech 30(b)(6) Dep. at 104:23-105:9.

Neither Mr. nor Mrs. Geary testified, or offered any other evidence demonstrating, that Green Tree prior to or contemporaneous with the servicing transfer ever contended the Loan was delinquent or in default.  *See* Brian Geary Dep. at 60:2-24 (not recalling conversations with

4

Green Tree before receipt of November 14, 2013 letter); Brian Geary Notes at bates label 0049 (not reflecting any conversation with Green Tree before December 2, 2013), Exhibit 4.

Green Tree sent the Gearys a billing statement on November 22, 2013, one week after the November 15, 2013 payment was due. *See* Exhibit 5. That billing statement – issued three weeks after the servicing transfer – first indicated the existence of a past due payment – the November 15, 2013 payment:

```
NEXT PAYMENT DUE DATE:   12/15/2013
Current   Payment:              $     140.32
Past Due  Payment:              $     140.32
Insurance    Due:
Additional   Charges  Due:
Billed Late Charges:
Total  Amount  Due:             $     280.64
```

There is no correspondence or evidence demonstrating that Green Tree previously contended there was a late payment or any overdue payment. The Gearys have not alleged or contended otherwise.

### C. The Court's Decision On Green Tree's Motion To Dismiss

Green Tree moved to dismiss the Complaint on several alternative grounds. As relevant with respect to the present motion, Green Tree sought dismissal on the ground that the Loan was not in default at the time of the servicing transfer and, thus, the FDCPA did not apply. *See Geary v. Green Tree Servicing LLC*, 2015 WL 1286347, at *7-8 [ECF No. 14 at pp. 12-13] (S.D. Ohio March 20, 2015). This Court initially noted that while the FDCPA does not define default, "[e]ven if a debt was not actually in default when the servicing company acquired it, if the servicing company acquired it as a debt in default, and based its collection activities on that understanding, the servicer will be subject to the Act as a 'debt collector.'" *Id*. at *7 [ECF No. 14 at p 12] (*citing Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-CV-273, 2008 WL 618788, at *4 (S.D. Ohio Mar. 3, 2008)).

5

This Court ultimately denied Green Tree's Motion to Dismiss because "taking all factual allegations in the Complaint as true, Plaintiff's claim does not fail pursuant to the 15 U.S.C. § 1692a(6)(F)(iii) exception. Plaintiffs have alleged sufficient facts to support a plausible inference that Green Tree treated its Loan as if it was in default and, therefore, is a debt collector." *Id*. at *8. [ECF No. 14 at p. 14].

### D. The District Court's Decision On Class Certification

This Court certified a class consisting of six subclasses of consumers who received one of six servicing transfer notices but did not receive a debt validation notice within five days thereafter. *Geary v. Green Tree Servicing, LLC*, 2017 WL 2608691 [ECF No. 56] (S.D. Ohio June 16, 2017). The Court concluded the Gearys satisfied the adequacy requirement of Rule 23 predicated on the assumption that the FDCPA applied to their claims. *Id*. at *7 [ECF No. 56 at pp. 15-16] (named plaintiff's claims must be predicated on same theory as those of the class). The Court similarly concluded the adequacy requirement was satisfied as the Gearys had "common interests" with the class. *Id*. at *8 [ECF No. 56 at p. 15].

The Court's six subclasses consisted of borrowers who had received one of six different notices with respect to the transfer of the servicing of their loans:

1. Notice sent by CitiFinancial and Green Tree (Ex. 4 to ECF No. 42);
2. Notice sent by Lendmark Financial Services and Green Tree (*id*. Ex. 5);
3. Notice sent by CitiFinancial and Green Tree (*id*. Ex. 6);
4. Notice sent by CitiFinancial and Green Tree (*id*. Ex. 7);
5. Notice sent by Lendmark Financial Services and Green Tree (*id*. Ex. 8); and
6. Notice sent by Everhome Mortgage and Green Tree (*id*. Ex. 9).

*See* 2017 WL 2608691, at *13-14 [ECF No. 56 at p. 25].

## III. ARGUMENT

### A. The Applicable Standards

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in the non-moving party's favor. *U.S.S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citing *Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)). The Court then asks "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). "[S]ummary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

Rule 23(f) explicitly provides that an order certifying a class may be altered or amended before final judgment. Fed. R.Civ. P. 23(c)(1)(C). A district court has the discretion, and the obligation, to reevaluate a class ruling as the case develops, and remains free to modify the class at any time prior to final judgment. *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 4459636, at *1 (N.D. Ohio July 21, 2015). *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a [class] certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation."); *McNamara v. Felderhof*, 410 F.3d 277, 280 n.8 (5th Cir. 2005) ("[A] trial court overseeing a class action retains the ability to

monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment.").

>    B.    **The FDCPA Does Not And Cannot Apply To The Gearys' Claims.**

The Gearys' claims – both individual and class claims – fail as a matter of law because Green Tree is not a debt collector under the FDCPA.  "Liability under the FDCPA attaches only to a debt collector, a term defined by the Act." *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 436 (6th Cir. 2008).  The FDCPA defines "debt collectors" as persons engaged in businesses "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6).  Whether a defendant is a "debt collector" under the FDCPA is a question of law appropriate for resolution by the Court.  *See, e.g., Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 403 (3d Cir. 2000).

As defined in the FDCPA, a debt collector does not include an entity which obtains "a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii).  Thus, it is well-settled that as long as the servicing rights were not obtained while a loan was in default, a servicer collecting a debt that it services is not a debt collector for purposes of the FDCPA.  15 U.S.C. § 1692a(6); *Pollice*, 225 F.3d at 40; *New-Howard v. JP Morgan Chase Bank, N.A.,* No. 11-cv-2855, 2013 WL 6096232, at *7 (E.D. Pa. Nov. 20, 2013). In other words, when a debt is assigned, the FDCPA "treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." *Napolitano v. Green Tree Servicing, LLC*, No. 2:15-cv-00160-JAW, 2016 WL 447451, at *8 (D. Me. Feb. 4, 2016) (quoting *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003)).

8

Here, it is undisputed that the Loan was not in default at the time of the servicing transfer to Green Tree. [ECF No. 1 at ¶19]. Indeed, not only do Plaintiffs fail to allege the Loan was delinquent prior to the transfer to Green Tree, the Complaint pleads that *the Loan was fully repaid* in accordance with the Agreement before Green Tree began servicing the Loan. [ECF No. 1 at ¶¶18-19]. Further, the Gearys testified that the Loan had been paid off and they knew they did not owe Green Tree anything at the time of the servicing transfer. *See* Brian Geary Dep. at 51:21-24 & 53:15-24.

In an effort to circumvent this well-settled law, Plaintiffs alleged that Green Tree treated the Loan as if it was in default "at the time Green Tree began servicing it." [ECF No. 1 at ¶62]. It is true that the FDCPA applies to a loan treated as in default at the time of the servicing transfer. *See Bridge v. Ocwen Fed. Bank*, *FSB,* 681 F.3d 355, 362 (6th Cir. 2012) (FDCPA applies to "any non-originative debt holder that either acquired a debt in default" or "treated the debt as if it were in default <u>at the time of the acquisition</u>") (emphasis added).

Taking all of the factual allegations in the Complaint as true, the Court concluded that Green Tree had treated the Geary's loan as in default and denied dismissal on that ground:

> In this case, the Complaint alleges that, although Green Tree began servicing Plaintiffs' loan after it had been reaffirmed and indeed paid in full, Plaintiffs were sent an Initial Communication that included a payment coupon, informed Plaintiffs' of the amount due, gave a due date for their payment, as well as other information on how to make payments to Green Tree. Additionally, Plaintiffs allege that following the Initial Communication, they were sent additional communications via mail, including at least one that informed them that their account was delinquent; they received collection calls from Green Tree attempting to collect payment on the Loan; Defendant gave negative reports to credit reporting agencies regarding Plaintiffs' Loan. Viewing the pleadings in a light most favorable to Plaintiffs, they have stated at least a facially plausible claim that Defendants were treating the Loans as if they were in default at the time of acquisition.

2015 WL 1286347, at *8 [ECF No. 14 at p. 13].

9

Discovery has now disproved Plaintiffs' central assertion that their Loan was treated as in default on the date of the servicing transfer, November 1, 2013.

Foremost, the October 16, 2013 and November 14, 2013 letters, on their face, belie Plaintiffs' allegation that Green Tree treated the Loan in default at the time of the servicing transfer. *See* Exhibits 2 & 3. Nowhere on the face of either letter is there any indication that Green Tree treated the Loan as in default. The letters do not provide that the Loan was in default nor do they list any arrears or late charges. Neither letter warns that a payment is late or threatens collection proceedings.

The only notices which purportedly show Green Tree treating the Loan as in default were issued several months ***after*** Green Tree began servicing the Loan. [ECF No. 1 at Exhibit "D"]. The November 22, 2013 billing statement – issued a week <u>after</u> the due date of the November 15, 2013 payment – is the first letter or notice of any kind to indicate that there was any late payment or delinquency. Critically, it was issued three weeks <u>after</u> the November 1, 2013 servicing transfer and only refers to the November 15, 2013 payment as past due.

Furthermore, Green Tree's Rule 30(b)(6) designee testified that the Loan was current – *i.e.*, not in default – as of the date of the servicing transfer. *See* Ditech 30(b)(6) Dep. at 106:1-13. There is (and there can be) no evidence to the contrary.

That Green Tree subsequently treated the Loan as in default after Plaintiffs failed to make the payments due on November 15, 2013 and thereafter is of no moment. The status of the Loan and whether it was treated as in default as of the date of the servicing transfer – November 1, 2013 – are the only relevant and material facts. *See, e.g., Bridge*, 681 F.3d at 362. Since there can be no dispute that the Loan was neither in default nor treated as in default on November 1, 2013, summary judgment should be entered in favor of Green Tree. *See, e.g., Glazer v. Chase*

10

*Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013) (defendant that obtained mortgage loan for servicing before the borrower's default was not a debt collector under the FDCPA); *In re Rostorfer*, 497 B.R. 873, 875 (S.D. Ohio 2013) ("an entity acting in its capacity as a loan servicer is not a debt collector for purposes of the FDCPA unless the debt was in default or treated as though it were in default when the entity obtained the loan for servicing").

Green Tree recognizes the Court denied its Motion to Dismiss with respect to this issue. However, when ruling on the motion to dismiss, the Court was constrained to accept the allegations of the Complaint as true. *See Geary,* 2015 WL 1286347, at *8 [ECF No. 14 at p. 13]. In ruling on the instant Motion, by contrast, Plaintiffs must offer evidentiary support for their allegations. *See, e.g.*, *Patton*, 8 F.3d at 346. This they have not and cannot do. Indeed, development of the facts demonstrates that the Loan was not in default at the time of transfer nor did Green Tree at that time treat it as in default. Accordingly, summary judgment should be entered in favor of Green Tree.

### C. The Class Should Be Decertified As Plaintiff's Claims Are Not Typical And They Are Inadequate Class Representatives

Rule 23(a)(3) requires that the claims of the named plaintiff must be "typical of the claims….of the class." The typicality requirement assures that the claim of the named plaintiff and those of the class are "so interrelated that the interests of the absent class members will be protected." *Boggs v. Divested Atomic Corp.*, 141 F.R.D. 58, 63 (S.D. Ohio 1991).

"Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996). The "typicality requirement is said to limit the class claims to those fairly encompassed by the named plaintiffs' claims." *Gen. Tel. Co. v. EEOC,* 446 U.S. 318, 330 (1980).

11

To satisfy the adequacy requirement of Rule 23(a)(4), Plaintiffs must show they "will fairly and adequately protect the interests of the class." Under the two-prong test of the Sixth Circuit, "(1) the representative must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Vassalle v. Midland Funding LLC,* 708 F.3d 747, 757 (6th Cir. 2013).

For all of the reasons discussed above, it is now clear that the Gearys' claims are neither typical nor are they adequate class representatives. Simply stated, the Gearys may not prosecute this action as they do not possess valid claims under the FDCPA. *See, e.g., Miller v. Nissan Motor Acceptance Corp.*, 362 F.3d 209, 221 (3d Cir. 2004) (where formula violating Consumer Leasing Act was not applied to named plaintiffs, plaintiffs lacked standing to pursue such claims individually or on behalf of class requiring reversal of summary judgment in their favor); *Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083, 1096 (3d Cir. 1975) ("a nominal plaintiff may not maintain an action on behalf of a class against a specific defendant if the plaintiff is unable to assert an individual cause of action against that defendant" (internal citations omitted)).

In short, it is well settled that the class representative must actually be a member of the class he or she seeks to represent. *See, e.g., Sosna v. Iowa*, 419 U.S. 393, 403 (1975); *Falcon*, 457 U.S. at 156. Lacking any cognizable FDCPA claim, the Gearys, by definition, are not adequate class representatives.

Accordingly, the Court should decertify the class as well as enter summary judgment in favor of Green Tree. *See, e.g., Eisenberg v. Gagnon*, 766 F.2d 770, 787 (3d Cir. 1985) (changed circumstances of case may require decertification); *Lightfoot v. D.C.*, 273 F.R.D. 314, 323 (D.D.C. 2011) (summary judgment motions provided basis for decertification).

DMEAST #35050318 v3

## IV. CONCLUSION

For all of the foregoing reasons, Defendant Green Tree Servicing LLC n/k/a Ditech Financial LLC respectfully requests that the Court enter summary judgment in its favor and decertify the class.

Respectfully submitted,

/s/ David J. Demers
David J Demers, Esq. (0055423)
Cooke Demers, LLC
260 Market Street, Suite F
New Albany, Ohio 43054
614-939-0930
614-939-0987 facsimile
Attorney for Green Tree Servicing LLC nka Ditech Financial LLC

Of counsel:
Martin C. Bryce, Jr.
bryce@ballardspahr.com
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of December, 2018 a true and correct copy of the foregoing **DEFENDANT GREEN TREE SERVICING LLC'S MOTION FOR SUMMARY JUDGMENT AND TO DECERTIFY CLASS** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

  Michael Zieg
  Eric Willison
  James Nobile
  Nobile & Thompson Co., LPA
  4876 Cemetary Road
  Hilliard, OH 43026
  mzieg@ntlegal.com
  eewillison@earthlink.net
  jenobile@ntlegal.com

                                                  s/ David Demers
                                                  David Demers, Esquire